# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50109
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUADALUPE VALADEZ-AREVALO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1406-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Valadez-Arevalo appeals his 30-month below-guidelines sentence for illegal reentry into the United States after deportation for an aggravated felony conviction. According to Valadez-Arevalo, his sentence is substantively unreasonable because the district court improperly balanced the 18 U.S.C. § 3553(a) sentencing factors by giving insufficient weight to the facts that he was originally lawfully in the United States, complied with the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50109

conditions of his supervised release following a prior conviction, is employed in Mexico, and has family in Mexico.  As well, Valadez-Arevalo asserts that the benign motives for his reentry mitigate the seriousness of his offense.

The record shows that the district court considered Valadez-Arevalo's arguments, reviewed and considered the Sentencing Guidelines and Valadez-Arevalo's circumstances, and concluded that, in light of the criminal history calculation, a sentence below the advisory guidelines range was appropriate. Valadez-Arevalo has not rebutted the presumption of reasonableness that attaches to his below-guidelines sentence.  *See United States v. Murray*, 648 F.3d 251, 258 (5th Cir. 2011).  Neither the fact that Valadez-Arevalo disagrees with his sentence nor the fact that we may reasonably have determined a different sentence was appropriate justifies reversal.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

As to Valadez-Arevalo's arguments that the illegal reentry sentencing guidelines are not empirically based and double count his criminal history, we have rejected both arguments under the higher abuse-of-discretion standard. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  To the extent that he invites us to overrule our prior decisions based on a recent amendment to the Sentencing Guidelines, "one panel may not overrule the decision of a prior panel absent an intervening change in the law, such as by a superseding Supreme Court case." *United States v. Fields*, 777 F.3d 799, 807 (5th Cir. 2015).  The Guidelines amendment does not present such a change.

Valadez-Arevalo has failed to show that the district court abused its discretion in not further varying below the guidelines range and his sentence is substantively reasonable.  *See Gall v. United States*, 552 U.S. 38, 51 (2007). The decision of the district court is AFFIRMED.